der denied plaintiff's motion for reconsideration of the custody order, while the third order directed plaintiff to pay interim counsel fees of $1,700 to defendant's attorneys.

On appeal, plaintiff contends that the court erred in awarding defendant custody and interim attorney's fees.

The record establishes that it is in the best interests of Travis to be restored to the custody of defendant, despite her relocation to a new home 400 miles from plaintiff's residence (*see generally, Matter of Tropea v Tropea*, 87 NY2d 727, 736-742). The court properly awarded custody to defendant based on plaintiff's history of alcohol and drug abuse, plaintiff's repeated acts and threats of violence against defendant and her daughter, and plaintiff's various criminal convictions. The proof establishes that, at various times during the parties' marriage, plaintiff put a gun to defendant's head, broke defendant's cheekbone, dragged defendant by her hair, dragged her down the stairs, threw her out of the house onto the driveway and kicked her in the stomach while she was pregnant with Travis. The court's custody determination is buttressed by the fact that defendant had been the primary caretaker since Travis was born and, except for a period immediately preceding the hearing, had primary custody of Travis since the parties' separation. Further, the record establishes that defendant is better able to provide for the child's educational needs. The court adequately considered the child's best interests by restoring custody to defendant while granting plaintiff relatively long periods of visitation designed to maximize his opportunity to maintain his relationship with the child (*see, Matter of Gillard v Gillard*, 241 AD2d 966).

Similarly, the court did not err in granting in part defendant's request for attorney's fees. The amount awarded, $1,700, represents less than half of the fees incurred by defendant to this point in the case. Those fees were incurred in defending motions unsuccessfully advanced by plaintiff, including his motion to modify the custody arrangement and his subsequent motions for reconsideration. Further, most of the attorney's fees were incurred while defendant was on public assistance and while plaintiff was earning about $20,000 a year. (Appeal from Order of Supreme Court, Chautauqua County, Hartley, J.—Custody.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ KEVIN J. HILTON, Appellant, v JANA M. HILTON, Respondent. (Appeal No. 2.) [668 NYS2d 113] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Chau-

tauqua County, Hartley, J.—Reargument.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ KEVIN J. HILTON, Appellant, v JANA M. HILTON, Respondent. (Appeal No. 3.) [668 NYS2d 113] —Order unanimously affirmed without costs. Same Memorandum as in *Hilton v Hilton* ([appeal No. 1] 244 AD2d 902 [decided herewith]). (Appeal from Order of Supreme Court, Chautauqua County, Hartley, J.—Counsel Fees.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ MARY COLENZO, Respondent, v PALM BEACH CLUB, INC., Appellant. (Appeal No. 1.) [668 NYS2d 111] —Judgment unanimously affirmed without costs. Memorandum: We reject defendant's contention that the jury's award for past and future pain and suffering is excessive. The award does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Harvey v Mazal Am. Partners,* 79 NY2d 218, 225). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Damages.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ MARY COLENZO, Respondent, v PALM BEACH CLUB, INC., Appellant. (Appeal No. 2.) [668 NYS2d 112] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ KELLE BELMONT, Respondent, v PALM BEACH CLUB, INC., Appellant. (Appeal No. 3.) [668 NYS2d 114] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Damages.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ KELLE BELMONT, Respondent, v PALM BEACH CLUB, INC., Appellant. (Appeal No. 4.) [668 NYS2d 114] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ KELLE BELMONT, Respondent, v PALM BEACH CLUB, INC., Appellant. (Appeal No. 5.) [668 NYS2d 115] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's request for a missing witness charge with respect to plaintiff's treating neurologist. It is ap-